Williams vs. The State.

## WILLIAMS vs. THE STATE.

1. CRIMINAL EVIDENCE: *Variance: Whisky: Bitters.*
   Upon a charge of selling whisky without license, proof of the sale of Home Bitters is irrelevant, unless it is proven to be made of whisky.

2. SAME: *Selling whisky without license: Proof as to license.*
   Upon the trial of one for selling liquor without license, the state is not required to prove that he had no license. If the defendant has license he can show it.

APPEAL from *Lincoln* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.
*Henderson*, *Attorney General*, for the State.

ENGLISH, C. J.    At the October term, 1879, of the circuit court of Lincoln county, Columbus Williams was indicted for selling whisky without license, the indictment charging that " Said Columbus Williams, in the county of Lincoln, etc., on the first day of October, 1879, did then and there willfully and unlawfully sell and deliver ardent spirits, to-wit, whisky in less quantities than one quart, to-wit, the quantity of one gill, without having first procured a license to sell the same in accordance with law, contrary to the statute, etc., and against the peace," etc.

He was tried on the plea of not guilty, found guilty by the jury, and fined $200; a new trial was refused him, and he took a bill of exceptions and appealed.

The new trial was moved on the ground that the verdict was contrary to law and evidence. That the indictment charged that defendant sold whisky without a license, and that the state failed to prove, and did not attempt to prove he had no license. And that the court erred in refusing the second instruction asked for defendant.

Peter Manuel testified that he was at a little festival given on Dr. Simmons' place, in Lincoln county, by defendant, on the first of October, 1879. Defendant had a little counter or table in one corner of the room, behind which he sold apples, oranges, candy, etc., and, among other things, witness saw him sell whisky by the drink—ten cents a drink. Witness was treated to some by his friends. It was drunk in small glasses, ten cents a drink—that is to

say, it was bought in less quantity than a quart, and he saw the money paid for it, and he knew it was whisky. "Defendant would sell us," witness said, "a stick of candy, and then he would give us a drink of whisky. You know we would not give ten cents for a small stick of candy." The whisky was kept in a jug.

Eli Graham testified that he was constable of Spring township, Lincoln county, and defendant was a magistrate of said township; witness was at a dance, or festival, given by defendant on the Dr. Simmons place, in Spring township, on the first of October, 1879; got to the party about 10 or 11 o'clock at night, and found the dance going on; in one corner of the room he saw a little counter, or table, behind which defendant sold oranges, apples, etc.; among other things, witness saw him sell some bitters out of a square black bottle; he sold it by the drink, at ten cents a drink, in less quantity than a quart, and witness saw the money paid for it; the bitters were Stomach Bitters, and witness knew they would intoxicate, because he had tried them; defendant would sell a stick of candy, and then the bitters were drunk, and ten cents paid over the table, or counter; he got after defendant about selling the bitters, and told him he knew it was against the law, witness being constable and defendant a magistrate; defendant told him it was none of his business—he knew the law as well as witness did.

On cross-examination, witness stated it was Stomach Bitters or Home Bitters.

The above was all the evidence—defendant introduced none.

The court charged the jury in the language of *sec. 5 of the act of March 8, 1879*, which makes it a penal offense to

Williams vs. The State.

sell, without license, " any ardent, vinous, malt or ferment-
ed liquors, or any compound or preparation thereof, com-
monly called tonics, bitters or medicated liquors." (*Acts of
1879, p. 35.*) No exception was taken to this charge.

The defendant asked two instructions :

" 1.   It devolves upon the state to prove the material
allegations in the indictment beyond a reasonable doubt,
and the offense must be proven substantially as charged in
the indictment; and unless the jury are satisfied by the
testimony beyond such reasonable doubt that the defendant
sold whisky, as charged in the indictment, they will find
him not guilty."

This instruction the court gave, but refused the second,
which follows :

" If the jury believe, from the evidence, that the defend-
ant sold what is known as 'Home Bitters,' or some prepara-
tion of that nature or kind, that will not authorize them
to convict the defendant under this indictment."

I.   The charge was for selling whisky in less quantities
than a quart.   The charge was sufficiently proven by Peter
Manuel, who saw the defendant sell whisky by the drink
from a jug.

1.    Evi-
DENCE:

Variance:
Whisky—
Bitters.

The testimony of Eli Graham, though not objected to,
was irrelevant to the charge, unless he had proven that the
bitters sold from the square black bottle were made of
whisky.

He stated that they were intoxicating, but the charge
was not general for selling ardent spirits or intoxicating
liquors.

The pretense of selling a stick of candy, and giving a
drink of whisky, was a mere attempt to evade the statute,
and bad conduct in a magistrate, whose duty it was to obey
and enforce the law.

28

2. ———:
Selling
whisky
without
license:
Proof as to
license.

II.   It was charged that the whisky was sold without license.   The general rule is, that where negative matter is averred in an indictment, the state must introduce some evidence to prove it.   The exception to the rule is, where the matter is particularly within the knowledge of the defendant.   A charge of selling liquor without license, it has been held, falls within the exception to the rule, for if defendant has license he can immediately, and without inconvenience, show it, and it might be inconvenient for the state to prove that he had none.   *Hopper v. The State, 19 Ark., 146*, and authorities cited.

III.   In the first instruction given for defendant, the court charged the jury, in effect, that defendant could not be convicted unless it was proven that he had sold *whisky,* as charged in the indictment.

It was not, therefore, necessary to give the second instruction moved for defendant.

Affirmed.