## Evans *v.* State.

Decided February 21, 1891.

1. *Former conviction—Sufficiency of plea.*
   A plea of former conviction is insufficient which does not verify the alleged conviction by the record, nor allege that it was for the same offense the second prosecution was intended to punish.

2. *Liquors—Burden of proof as to license.*
   In a prosecution for selling liquor without license it is sufficient to prove that the defendant actually sold the liquor; if he, or one for whom he was acting, had a license, it is a matter of defense.

APPEAL from *St. Francis* Circuit Court.

M. T. SANDERS, Judge.

Evans was indicted for selling whisky without license on the 1st day of April, 1889. He entered a plea of former conviction, as follows:

" Comes the defendant and pleads former conviction, and prays his discharge from further trial, in this cause, because, he says, that on the 16th day of April, 1890, at the St. Francis circuit court, the defendant being then and there charged with the offense of selling whisky without license, etc., on the 1st day of January, 1889, and having then and there entered a plea of not guilty, was put upon his trial and called upon to defend against an indictment containing said charges against him, a copy of which indictment is hereto attached, No. 2350, and upon the trial the State introduced testimony tending to show that within twelve months next before the filing of the indictment in said cause, without naming any special day, the defendant sold whisky as charged, and upon said indictment, defendant was convicted, and the time alleged in this indictment, to-wit: twelve months before the filing thereof, embraces the same twelve months next before the indictment in this cause, and the day alleged in the indictment herein upon which it is charged this defendant sold whisky in said county without license, etc. Therefore defendant prays judgment of former conviction."

The indictment referred to in the foregoing plea, charges that "the said J. J. Evans, on the 1st day of January, 1889, in the county of St. Francis aforesaid, then and there unlawfully did sell ardent spirits," etc. The State demurred in short to the plea, and the demurrer was sustained, the defendant saving exceptions. The defendant thereupon entered a plea of not guilty. From a verdict and judgment of conviction he has appealed.

There was evidence that defendant, a clerk in the drug-store of Evans & Co., sold the whisky. Whether he acted as agent or principal does not appear. No license was shown. The court charged: "If the jury believe from the evidence that defendant did sell whisky, it will be presumed, in the absence of evidence to the contrary, that defendant was the owner of the whisky sold."

*Geo. Sibly* for appellant.

1. The former conviction was a bar to this indictment, if the plea was true. 43 Ark., 68; Am. & Eng. Enc. of Law, "Jeopardy," p. 939, note 3; 69 Iowa, 544; 11 A. & E. Enc. Law, p. 935, and note, and p. 947; 5 S. W. Rep., 134.

2. It is each *day* and not *each sale* that constitutes an offense. Acts 1879, p. 37, sec. 14; 43 Ark., 69, 70; 48 *id.*, 34; 32 *id.*, 215; 33 *id.*, 131.

3. It was necessary to prove that defendant had some interest in the sale, or derived some profit or benefit from the transaction. 4 N. W. Rep., 14; 3 S. W. Rep., 717.

*W. E. Atkinson*, Attorney General, for appellee.

1. The demurrer was properly sustained to the plea of former conviction. It did not allege the identity of the parties and of the offenses. The burden was on him to establish both. 1 Bish. Cr. Proc., sec. 816. See also 27 Mo., 267; 43 Ark., 374.

1. Former conviction.

COCKRILL, C. J. There are two fatal defects in the appellant's plea of former conviction. First, it does not verify the alleged conviction by the record. *Bradley* v. *State*, 32 Ark., 722; *Fluty* v. *State*, 45 *id.*, 97. Second, the plea itself

does not allege that the former conviction was for the offense the second prosecution was intended to punish. That allegation is as necessary in prosecutions for selling whisky as in prosecutions for other offenses. *State* v. *Blahut*, 48 Ark., 34. For aught that appears in the plea, the indictment and proof in the first prosecution may have identified the criminating sale by means other than the time at which it was made; as that it was made to a different person; or, if to the same person, that it was made in another locality or storehouse than that relied upon in the second prosecution. As each sale was a separate offense, the seller could be legally convicted for each. *State* v. *Blahut*, 48 Ark., *supra*. The demurrer was therefore properly sustained to the plea.

The proof showed that the defendant was the actor in selling the whisky. To justify the sale it devolved upon him to show that he had a license to sell, or, if he was selling as the agent of another, that his principal had license. Without proof of a license to the owner to sell, the ownership of the liquor was immaterial. *Berning* v. *State*, 51 Ark., 550; *Rana* v. *State, ib.*, 481; *State* v. *Devers*, 38 Ark., 517.

*2. Burden of proof as to license.*

The charge to the jury was not prejudicial to the appellant, his prayers for instructions were rightfully rejected, the testimony sustains the verdict, and the judgment is affirmed.