### Hunt, et al. v. Hardin, et al.

(Decided December 5, 1916.)

Consolidated Actions.

Appeal from Pike Circuit Court.

1. Life Estates—Sale of Fee—Effect.—Where a life tenant, under the belief that he owned a fee, orally divided the land between the remaindermen and afterwards executed deeds to two of them and purchased another tract of land and had it deeded to the third remainderman, the latter will not be adjudged to have accepted such tract of land so conveyed to him when it was paid for with one-third of the amount of money arising through the sale of timber by the life tenant off of the entire tract, as the transaction will be given the effect only of settling ·with such remainderman for his part of the money realized from the timber, unless the evidence shows a contrary agreement, which is not found in this case.

2. Remainders—Division Among Remaindermen—Limitation of Astions.—When at the time such division was made it was equal among the heirs as to quantity and quality, and also acquiesced in for nearly thirty years, it will not be disturbed after the death of the life tenant in a suit by one of the remaindermen to partition the land, but each one will be adjudged that portion which had been allotted to him in the division, and the one accepting the deed to the tract purchased with the timber money will be allotted that portion remaining after the others had obtained their parts.

3. Remainders—Remaindermen—Accounting for Rents.—In such a, suit those occupying the portions allotted to them in such a

division should not be made to account for rents or to respond in damages for timber removed from the portions which they received in such allotment.

4. Appeal and Error—Pleading.—An offered pleading not permitted to be filed cannot be considered unless made a part of the record, either by an order of court or by bill of exceptions.

C. M. WHITT, R. H. COOPER, J. M. ROBERSON and STRATTON & STEPHENSON for appellants.

ROSCOE VANOVER, J. S. CLINE, AUXIER, HARMON & FRANCIS and J. M. YORK for appellees.

GARFIELD DOTSON for appellees, Hardin, et al.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Tabitha Jane Hunt is the daughter of Jesse and Nancy Phillips, both of whom are now deceased. Tabitha Jane has been married three times. Her first husband was John Taylor, and of this marriage there were born two children, Mary Taylor and Sarah Taylor. After the death of John Taylor, Tabitha Jane married Harrison Fields, by whom she had one child, the appellee, Catherine Hardin. After the death of Harrison Fields, his widow married John Hunt, there having been no children born of this marriage.

On the 28th day of July, 1869, Jesse Phillips and his wife, Nancy, in consideration of love and affection for their daughter, Tabitha Jane, executed a deed to her then husband, Harrison Fields, to a tract of land in Pike county, containing 1,843 acres. The children of Tabitha Jane, insisting that the deed executed by Jesse Phillips and wife to Harrison Fields conveyed to him an estate only for his own life in the land, with remainder to themselves, this suit was filed in the Pike circuit court on January 16, 1912, by the children and heirs of Mary Hunt (nee Taylor) against her sister, Sarah King, and half-sister, Catherine Hardin, seeking a division of the land in kind, the life tenant, Harrison Fields, having died, and Mary Hunt also being dead.

The plaintiff's contention as to the construction of the deed was upheld by this court in the opinion in the case of Hunt, et al. v. Hunt, et al., 154 Ky. 679. After filing the mandate from this court, the Mason Coal & Coke Company and the Kentland Coal & Coke Company and G. W. Dotson were, by amendments, made parties

defendant, it being alleged that these new defendants owned some interest in some part of the land which they were called upon to assert.   Separate answers were filed by the defendants in which they each denied that the plaintiffs, as heirs of their mother, Mary Hunt, had any interest in the tract of land described, because, it was claimed, that before the death of Harrison Fields he made an oral division of the land between his daughter, Catherine Fields, and the two children of his wife by her former husband, John Taylor, and that he and his wife, Tabitha Jane, some years subsequent to the oral division deeded the parts allotted to Sarah King and Catherine Hardin to them, and that on July 16, 1889, he purchased an adjoining tract of land to the 1,843-acre tract from a man by the name of Cox and his wife, and had Cox and wife to deed that tract to the mother of appellants, Mary Hunt, which, it is charged, she accepted in full satisfaction of all her interest in and to the 1,843-acre tract.   The Cox deed only conveyed the land therein described to Mary Hunt in remainder with a precedent life estate to Harrison Fields and his wife, Tabitha Jane, so that the interest which Mary Hunt acquired under that deed was subject to such life estates. However, the proof shows that within a short while after the execution of the deed she and family moved upon the Cox place, where she died about four years thereafter, and her children, the appellants, have been residing thereon continuously since.

It is furthermore shown that previous to the Cox deed all of the mineral rights to that tract of land had been sold to other parties, and there was conveyed by it only the surface of the land described.   At the time of the oral division of the 1,843 acres, none of the mineral had been sold from under any of it.

The defense relied on by the various defendants was denied, i. e., it was denied that Mary Hunt accepted the Cox tract in satisfaction of all her interest in the larger 1,843-acre tract, either *pro tanto,* or otherwise; but, on the contrary, it is insisted by plaintiffs that Harrison Fields, before making the oral division, and in violation of the rights of the remaindermen, had committed waste upon the tract which he attempted to divide by selling the timber off of it to a timber company, and for which he realized $2,480.00; that with $800.00 of this money, being practically one-third of it, the Cox land was purchased,

and the deed made, as stated, in settlement of Mary Hunt's part of the timber money.

Before the trial of the case another suit was filed seeking to recover rents for the property since the death of Harrison Fields, the life tenant, and value of the timber cut and removed by the various defendants since that time. That suit was consolidated with this one, and upon trial the court confirmed the division made by Harrison Fields, and adjudged to Catherine Hardin the tract allotted and subsequently conveyed to her, and to the vendees of Sarah King the portion that was allotted to her, they being G. W. Dotson, as the owner of the surface, and Kentland Coal & Coke Company, the owner of the mineral, and adjudged to the plaintiffs the remaining portion of the 1,843-acre tract, which is known in this record as the undivided portion thereof. The proof shows that in the portion allotted to Catherine Hardin there are 647 acres, and in that allotted to Sarah King 596 acres, leaving 600 acres in the undivided part which the court adjudged to the appellant.

The petition seeking to recover rents and damages for timber sold was dismissed. Because the court refused to allow a recovery for either rent or timber sold from the land, and the further alleged error in not dividing the 1,843-acre tract into three equal parts according to its present value, thereby ignoring the division made by Harrison Fields, the plaintiffs prosecute this appeal and defendants prosecute a cross-appeal seeking a reversal of the judgment because the court declined to adjudge that Mary Hunt accepted the Cox land in full satisfaction of her entire interest. The questions presented are ones entirely of fact, and none of these do we regard as complicated in the least.

As to the questions presented by appellant, it is evident that if the division made by Harrison Fields is to stand the plaintiffs would not be entitled to rent for either of the tracts allotted to Sarah King or Catherine Hardin, nor would they be entitled to share in the proceeds of any timber which may have been taken from either of those tracts; and as to the third portion of the 1,843-acre tract, it is shown that but little, if any, timber has been cut from it, and that the rental value of it, which would be for agricultural purposes only, would scarcely, if at all, exceed the taxes due thereon, and which taxes have been paid by others than the plaintiffs.

That the division made by Harrison Fields should be upheld is clearly manifest. Mary Hunt acquiesced in it during her lifetime, and evidently consented that her two sisters might occupy and deal with their portions as though they owned them absolutely. The proof is undisputed that this division was fair and just, as the value of the three divisions was as near equal, quality and quantity considered, as was possible to make. Moreover, in the original petition no other relief is sought than that the division so made should be confirmed, adjudging, however, to the plaintiffs as the heirs of Mary Hunt that portion to which neither she nor they ever received a deed, and known, as stated, as the undivided portion of the larger tract.

After the evidence was taken and the case submitted and partially heard, an amended petition was offered, seeking to withdraw the prayer in the original petition and to have the land reapportioned as an entirety, but this amendment was not allowed to be filed, and it is not made a part of the record, either by order of court or by bill of exceptions. So that, as the record stands, the appellants obtained the precise relief as to the division of the land which they sought, and they cannot, therefore, complain in regard to this on this appeal, and, as we have seen, they are not in a position to complain for their failure to recover for rents and waste. We conclude, therefore, that on the original appeal the judgment should be affirmed.

In regard to the questions raised on the cross-appeal, we have seen that Mary Hunt obtained no more by the conveyance of the Cox land than her father owed her as her part of the money which he obtained from sale of timber from the entire tract in which she owned an undivided one-third in remainder. Clearly the action of Harrison Fields in selling this timber constituted legal waste, for which he could have been sued by his children and been compelled to pay the damages sustained. This sum could have been no less than the actual value of the timber, and because she succeeded in effecting a settlement of the amount due her for such waste while her sisters may not have been so fortunate, furnishes no reason for depriving her of her interest in the land from which the timber was obtained and forcing her to accept the consideration which she received by the Cox deed in full satisfaction of her entire one-third interest. We

find in the record, however, that after selling the timber Harrison Fields at one time paid Sarah King $500.00 in cash, but as to whether he ever paid Catherine Hardin anything the record is somewhat clouded.

As to the contention that Mary Hunt expressly agreed at the time to accept the Cox tract in full satisfaction of all her interest in the 1,843-acre tract, the evidence fails to establish it. Witnesses testified that they understood (in most instances from the husband of Mary Hunt) that there was some such understanding, and the majority of witnesses who testified even in such a vague manner are interested parties to the suit, and under section 606 of the Code, are wholly incompetent to testify concerning anything which either Mary Hunt or Harrison Fields might have said. Besides, all of the facts and circumstances refute such a contention. We have seen that there was obtained by Mary Hunt, under the Cox deed, only an estate in remainder in the surface of the land, and it is conceded by everybody that the land is of such a character that the surface has insignificant value compared with the mineral value. Again, Harrison Fields was indebted to his stepdaughter, Mary Hunt, at the time, in a sum greater than that he paid Cox for the land, and he was but discharging his obligations to his stepdaughter in having the interest which she took conveyed to her.

To uphold the contention made by appellees on the cross-appeal would force Mary Hunt and her heirs to part with the title to one-third interest in the 1,843-acre tract in consideration of the receipt of one-third of the amount of timber once sold therefrom. In other words, that by accepting payment for the timber sold from her own land she lost the land itself. The absurdity of the proposition is demonstrated by stating it, and shows its flagrant injustice, as well as the extreme improbability of such consent by Mary Hunt, as defendants contend. We find no evidence or circumstance in the record justifying us in reaching such a conclusion.

Wherefore, the judgment is affirmed on both the original and cross-appeal.