MOORE *v.* STATE.

Opinion delivered May 22, 1922.

1. INTOXICATING LIQUORS—"STILL" DEFINED.—Under Acts 1921, No. 324, §§ 2, 3, prohibiting the possessing of a still, the word "still" is used in its broad sense, including any device used for separating alcoholic spirits from fermented substances, whether connected up or not, if the various parts had been assembled for the production of alcoholic spirits.

2. INTOXICATING LIQUORS—POSSESSION OF STILL—EVIDENCE.—Evidence showing that defendant had all the parts of a still unassembled in a smokehouse and 18 gallons of mash with a sack of malt in his kitchen, supported a conviction of possessing a still.

3. INTOXICATING LIQUORS—FAILURE TO REGISTER STILL—BURDEN OF PROOF.—Under Acts 1921, No. 324, § 2, prohibiting the keeping of a still without registering it, where the indictment alleged failure to register, the State is not required to prove this issue, but, being a negative allegation particularly within defendant's knowledge, he should disprove it, notwithstanding § 5 of the act provides that a certificate of the revenue collector may be in·troduced to show the status of the still.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; affirmed.

*J. M. Kelso* and *McKay & Smith,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Columbia Circuit Court for the crime of keeping in his possession a stillworm or still without registering the same with the proper United States officer, contrary to section 2 of act 324 of the Acts of 1921, and as punishment therefor was sentenced to serve two years in the State Penitentiary. From the judgment of conviction an appeal has been duly prosecuted to this court.

The record disclosed that the sheriff and his deputy searched the home of appellant and found a trough, with a little galvanized pipe run through it, and a tin can covered up with cloth in his smokehouse, and found in his kitchen 18 gallons of mash, with a small sack of malt in it. When the trough, with the galvanized pipe run through it, was connected with the can, it made what is commonly known as a "wildcat" still. At the time of the discovery the trough was not connected with the can. When the discovered parts were connected, whiskey could be made with it; that is, it was a contrivance or device which, when properly used, would separate alcoholic spirits from fermented substances. Both the sheriff and the deputy testified that while the device, when connected up, was not an old-time still; it was the character of still used for making whiskey by the "wildcatters" in Columbia County. No evidence was introduced by the State showing that the still was not registered with the proper

officers of the United States. The indictment, however, alleged that it was not registered.

Appellant first insists that the judgment should be reversed because the section of the statute under which appellant was indicted had reference to a real still or stillworm, and not to articles which might be connected up and used as a substitute for a real still or stillworm. The meaning ascribed to the section by appellant would indeed be very technical. The intention of the Legislature is reflected in section 3 of the act, which, among other things, provides that "any device or any process which separates alcoholic spirits from any fermented substance, shall be regarded as a distillery." We think the Legislature used the word "still" in its broad sense, and intended to include any device commonly used for separating alcoholic spirits from fermented substances, whether connected up or not, if the various parts had been assembled for the production of alcoholic spirits. Of course, the act was not intended to reach and punish individuals who had in their possession articles which might be converted into a still, unless the articles had been assembled for the purpose of separating alcoholic spirits from fermented substances. In the instant case the evidence showed that the small galvanized iron pipe had been run through the trough and was ready to be connected with the tin can. In fact, the several parts were connected and exhibited to the jury. These parts were found together in appellant's smokehouse, concealed under a cloth. Eighteen gallons of mash, with a small sack of malt in it, was found in appellant's kitchen. These were facts from which the jury might reasonably infer that the parts had been assembled, and partly connected, for the purpose of producing alcoholic spirits. The evidence was therefore sufficient to show that appellant had a still, within the meaning of the statute referred to, in his possession.

Appellants also insists upon a reversal of the judgment because the State failed to prove that the still was not registered with the proper United States officer. This

was a negative averment, particularly within appellant's knowledge, and should have been disproved by appellant himself. Greenleaf on Evidence, sec. 79; Bishop on Statutory Crimes (3rd Ed.), sec. 1051; *Hooper* v. *State,* 19 Ark. 143; *Williams* v. *State,* 35 Ark. 430; *Edgar* v. *State,* 37 Ark. 481; *Josey* v. *State,* 88 Ark. 269. It is true, section 5 of the act referred to provides that a certificate of the revenue collector may be introduced as evidence showing the status of the still, but this section was not intended to change the well established rule in relation to the burden of proving a negative allegation in an indictment within the particular knowledge of an accused. It simply provided a method by which the accused could disprove the allegation; or, if he disproved it in some other way, a method by which the State could establish the truth of the allegation.

No error appearing, the judgment is affirmed.