BENNETT *v.* STATE.

4718                                          255 S. W. 2d 968

Opinion delivered March 16, 1953.

*Cole & Epperson,* for appellant.

*Ike Murry, Attorney General,* and *Wm. M. Moorhead, Assistant Attorney General,* for appellee.

GRIFFIN SMITH, Chief Justice. Ed Bennett was indicted for selling beer without a license. Upon conviction he was fined $400. The crime is a misdemeanor.

Appellant's summary of error is: (a) There was no substantial evidence connecting Bennett with the sale; (b) evidence was lacking to show that the defendant had not been licensed, and (c) there was nothing upon which the jury could have found that the beverage claimed to have been sold was alcoholic and intoxicating within the meaning of § 48-503, Ark. Stat's. Objections were made to certain testimony, and to remarks of the court.

Over objections by the defendant pertinent parts of the applicable statute were read to the jury, including § 48-513 providing that any person who shall brew or manufacture any liquor as defined by the statute without having procured a permit from the commissioner of revenues "authorizing the brewing, or manufacture, or the sale of such liquor, shall be deemed guilty of a misdemeanor", etc.

The factual background relied upon by the state is that Bennett owned the place of business where it is alleged the beer was sold and that Dessie Banks sometimes works for him. The employer-employee relationship is, we think, established by the defendant's admission, although the extent of her authority is not conceded.

Mary Mitchell testified that on March 22, 1952, she bought a can of beer at defendant's establishment, the sale having been made by the Banks woman.

Mose Ledbetter, a state witness, had formerly traded at Bennett's place, where whiskey and beer were sold. His last purchase was four weeks before the trial. He had bought beer from the defendant after March 22d. The court directed the jury to consider evidence of the last sale for the sole purpose of determining whether Bennett's reputation was that of a bootlegger. On cross-examination there were admissions from which an inference of prejudice against the defendant might arise, but credibility was a matter for the jury's determination. Other testimony supported the state's contention that the defendant was engaged in the illicit sale of intoxicants.

A. B. Lea, who testified for the state, was asked whether, before trial, the sheriff had attempted by inference to suggest what Lea's statements should be, whereupon the Court commented: "The question would indicate that the sheriff mistreated him—it would lead me to believe that the sheriff forced [the witness] to tell something, or he would give him 'treatment' until he made the statement. If that is true, this court is interested in that". One of the defendant's attorneys then said: "For the benefit of the record I want to say that the Court has apparently misinterpreted my question. I want to bring out what facts I can from cross-examination of the witness, and I believe the remarks of the Court just made in the presence of the jury are prejudicial to the defendant and I want to move for a mistrial".

Following a colloquy regarding this motion the Court refused to declare a mistrial, but added: ["The defendant's attorneys] had this witness on cross-examination. I am going to let [them] bring out anything that might show that this witness has been mistreated". There was no further attempt to enlarge the scope of inquiry. We agree with the trial judge that prejudice was not shown.

There was substantial testimony that as an employee of the defendant Dessie Banks made the sale charged in the indictment, and since the jury believed this witness the judgment cannot be reversed for want of evidence.

It is urged that the state did not prove a negative—that is, that Bennett had not been licensed to sell intoxicants. The right to sell beer, whiskey, or wine, derives from legislative authority; otherwise it is non-existent. One who engages in the traffic is a mere licensee who must recognize the state's power to regulate. Although the defendant testified, he did not claim to have a liquor or beer license. He had been convicted in Federal court, fined $500, and sentenced to prison for two years. The evidence fails to show whether the sentence was suspended. In that case, as in the transaction here, he was accused of dealing in liquor, but said he wasn't guilty.

It has been held that the right to deal in liquor is an affirmative defense; therefore the state would not be required to prove that the defendant was not licensed. *Evans* v. *State,* 54 Ark. 227, 15 S. W. 360; *Josey* v. *State,* 88 Ark. 269, 114 S. W. 216, 44 L. R. A., N. S. 463.

Other matters were brought forward in the motion for a new trial, but we do not regard any of them as prejudicial.

Affirmed.