WILLIAMS *v.* STATE.

4934 and 4935                                    323 S. W. 2d 922

Opinion delivered May 11, 1959.

[Rehearing denied June 1, 1959]

*George F. Edwards* and *Daisy Olson,* for appellant.

*Bruce Bennett,* Atty. General, by *Russell J. Wools,* Asst. Atty. General, for appellee.

J IM J OHNSON, Associate Justice. Appellant, William R. Williams, was charged by separate informations with the commission of the following crimes: 1. Possession of beer in dry territory in excess of three gallons. 2. Possession of liquor in dry territory in excess of one gallon. 3. Transporting beer in dry territory in excess of three gallons without being a duly bonded carrier or duly licensed by the Public Service Commission to transport beer. 4. Transporting liquor in dry territory in excess of one gallon without being a duly bonded carrier or duly licensed by the Public Service Commission to transport liquor. The causes came on for trial and the jury found Williams guilty on all four charges. From fines totaling $1,500 comes this appeal.

For reversal, the following six points were urged.

1. The trial court erred in refusing to grant the appellant's motion for instructed verdicts of not guilty in both cases now on review. 2. It is against the policy of the law to multiply or carve different crimes out of one act. 3. The trial court erred in ruling that the court could take judicial notice that Little River County was a dry county. 4. The subdivision of one offense into many charges violates the rule against double jeopardy. 5.

Evidence obtained in violation of the constitutional requirement that there be a search warrant is illegal, and inadmissible. 6. It was reversible error to permit officer Eddie Craig to testify when he had remained in the courtroom in violation of the law, the rule having been invoked.

The facts are briefly as follows: On the morning of September 3, 1958, appellant was driving his pink Oldsmobile 98 automobile (which was equipped with overload springs) north on Highway No. 71 about five miles south of Ashdown. A deputy sheriff of Little River County was driving south on the same highway and spotted appellant's car; he turned around and pursued appellant's car at a speed up to 120 miles per hour without gaining much on him. The pursuit continued into Ashdown with appellant running a number of stop signs and warning devices. Appellant finally turned into a dead end street where he was apprehended after he had turned his automobile around and attempted to drive out past the arresting officer. The officer caused appellant to get out of his automobile and placed him under arrest. The officer testified that at this point: "I said, 'come over here,' and he did. I said 'turn around'; I said 'put your hands on the top of my car,' and I searched him. I said 'I'm going to look in your car now,' and he said, 'Hell, I've got some whiskey and beer in there.'" The deputy sheriff, aided by the city marshall of Ashdown, then removed Williams to the jail along with 25 cases of beer and over 4 cases of whiskey found in Williams' car.

Point one urged by appellant for reversal will be discussed last. Points two and four refer to the same issue and will be here discussed together.

*Double Jeopardy*: Appellant urges that "It is against the policy of the law to carve different crimes out of one act." As a general rule appellant's contention ordinarily would be sound. However, the test seems to be whether or not the Legislature has by separate statutes upon its own volition carved more than one offense out of the same act. In the case at bar the Legis-

lature did the carving and the courts are bound by their culinary art. Here the appellant was found guilty of: 1. Possessing more than one gallon of liquor under Section 48-918, Ark. Stats., Act No. 91 of 1947. 2. Possessing more than three gallons of beer under Section 48-919.1, Ark. Stats., Act No. 347 of 1949; 3. Transporting more than one gallon of liquor under Section 48-921, Ark. Stats., Act 423 of 1947; and 4. Transporting more than three gallons of beer, Section 48-922.1, Ark. Stats., under Act 28 of 1953, all of which having been committed in a county legally voted ''Dry'' pursuant to Initiated Act No. 1 of 1942.

In *Miller* v. *State*, 222 Ark. 476, 261 S. W. 2d 411, and *Eoff* v. *State*, 218 Ark. 109, 234 S. W. 2d 521, we held that appellant's plea of guilty on one liquor charge, where the Legislature had by two separate acts, carved out of the same transaction two separate offenses, did not bar his prosecution for the other offense, hence, no double jeopardy. See: Offenses in relation to Intoxicating Liquors 22 C. J. S. 437.

Appellant in his requested instructions and motion for new trial raised an interesting question relative to the offenses for which he was tried contending in effect that since the law does not apply to a properly licensed retail liquor dealer or common carrier or bonded carrier or private contract carriers in certain cases, and since the State failed to prove that appellant was not exempted under one of these exceptions to the law, it would be the duty of the jury to return a verdict of not guilty. The trial court was correct in rejecting the contention of appellant. The general rule which is almost unanimously followed in this and other jurisdictions is that in liquor cases the defendant has the burden of proving the existence of a license or permit. To hold otherwise would place the burden on the prosecution to prove the negative of a proposition peculiarly within the defendant's knowledge, therefore the failure to prove the non-existence of such a license is not subject to the objection that it deprives the defendant of the presumption of innocence. See: *Williams* v. *State*, 35 Ark. 430; *Flower* v. *State*, 39 Ark. 209; *Evans* v. *State*, 54 Ark. 227; 15 S. W.

360; *Josey* v. *State,* 88 Ark. 269, 114 S. W. 216; 30 Am. Jur. 731, Sec. 343.

*Judicial Notice.* In point three urged for reversal, appellant contends that the trial court erred in ruling that the court could take judicial notice that Little River County was a dry county. On this point we must agree that the trial court was correct in its ruling since this contention was settled in *Skiles* v. *State,* 150 Ark. 300, 234 S. W. 721, when we said:

". . . the adoption of the terms of the statute by an election of the people is a matter of which the Court should take notice judicially. It is a law in operation in a locality which was within the jurisdiction of the Court, and the Court should take cognizance of it without the necessity of it being brought to the attention of the Court by proof . . ."

and in *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 713 when we said:

". . . The Court informed the jury in one of its instructions that the defendant was charged with possessing liquor for the purpose of selling it in Craighead County, 'a county which is dry under the local option law.' There is no finding of any fact disclosing the method by which possession for sale was made illegal. The Court had a right to take judicial notice of the local law. *Crumley* v. *Guthrie,* 207 Ark. 875, 183 S. W. 2d 47."

*Search and Seizure.* Point number five urged by appellant for reversal contended that "evidence obtained in violation of the constitutional requirement that there be a search warrant is illegal and inadmissible." Appellant's excellent argument that the 4th Amendment to the Constitution of the United States, and Art. 2, Sec. 15 of the Arkansas Constitution had been violated is very forceful. Said Sec. 15 reads:

"The right of the people of this State to be secure in their persons, houses, papers and effects against *unreasonable* searches and seizures shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly de-

scribing the place to be searched and the person or thing to be seized." (Emphasis supplied.)

However, in this case our decision turns on a question of fact. Here we have an appellant that was apprehended only after a chase at speeds up to 120 miles per hour who ran stop signs and devices in his eagerness to flee; attempted to escape from a dead end street after being cornered and then declared to officers after being arrested that his car contained whiskey and beer. The arrest was made for offenses committed in the presence of the arresting officers. The arrest was lawful and the search was merely incidental to it. Under these circumstances we cannot say that the search and seizure was *unreasonable*.

*Exclusion Rule.* Appellant contended in point number six that "it was reversible error to permit Officer Eddie Craig to testify, when he had remained in the courtroom in violation of the law, the rule having been invoked." Witness Craig admitted that he had been in the courtroom when the opening statements of counsel were made. Appellant objected as follows: "Then we object to this witness being used as a witness on the ground that placing witnesses under the Rule requires, under the recent act of the Legislature, that even an officer be placed under the Rule, and that applies to the opening statements as well as any part of the proceeding." Apparently appellant had reference to Act 243 of 1955 which is as follows:

*"If the accused or his attorney requests it,* the judge shall exclude from the courtroom any witness, including but not limited to the officers of the court, officers of the law and experts not at the time under examination, so that they may not hear the testimony of other witnesses." (Emphasis supplied.)

Upon this objection, the trial court made the following ruling: "I don't believe you requested that this witness, who is the Deputy Sheriff and has been in charge of the witness room, be placed under the Rule, and for that reason your objection is overruled." The record does not reflect that the accused or his attorney requested

that this witness be placed under the Rule, therefore we cannot say that the trial court erred in overruling appellant's objection.

*Sufficiency of the Evidence.* In point one urged for reversal, appellant contended that "the trial court erred in refusing to grant motion for instructed verdict of not guilty in both cases now on review." It is a settled rule of this court that where the evidence is sufficient to sustain a conviction, a refusal to direct a verdict of not guilty presents no error. *Graham and Seaman v. State,* 197 Ark. 50, 121 S. W. 2d 892.

A careful review of the record in this case convinces us that there is substantial evidence to sustain a conviction. Therefore, in the absence of reversible error the decision is affirmed.

Affirmed.

ROBINSON, J., dissents.