J. Fred Jones, Justice. Eugene Charles and Bobby James Roberts were found guilty, at a jury trial, of robbing the Gables Liquor Store at Ninth and Broadway Streets in the City of Little Rock. Charles was sentenced to three years in the state pentientiary and Roberts was sentenced to 21 years as a prior offender. On appeal to this court they contend that the trial court erred in failing to grant motions for directed verdicts because of insufficiency of the evidence to sustain the verdicts of guilty and, they further contend that the trial court erred in allowing the state to argue on the subject of accessory and in giving an instruction concerning accessory on the court’s own motion when such instruction had not been requested by the prosecuting attorney. We find no merit in either contention. The felony information filed by the prosecuting attorney charged the appellants Roberts and Charles, along with Austin Wilson and Benny Royce Rucker, with the crime of robbery of the Gables Liquor Store. By bill of particulars the state alleged that Rucker and Wilson entered the liquor store and robbed Claude W. Fulbright, the manager, at pistol point while Charles and Roberts remained immediately outside the building; that all four individuals fled from the scene following the robbery and all four were arrested in or about their motor vehicle in which they were attempting to escape. Rucker and Wilson were sentenced to the penitentiary on pleas of guilty. Mr. Claude W. Fulbright testified that two men entered his liquor store and, threatening him with what appeared to be a .32 caliber automatic pistol, took his billfold from his pocket and the money from the cash register. He identified his billfold which was taken from him and the automatic pistol used in the robbery. On cross-examination he testified that one of the robbers took his billfold and the other took the money from the cash register. He testified that immediately following the robbery the police drove up as he was preparing to call them. He was unable to identify the appellants as the robbers who entered his store. Officer Dill, a detective with the Little Rock Police Department, testified that about 10:00 p.m. on the night in question he was dressed in civilian clothes and driving an unmarked car in the vicinity of the liquor store and observed a yellow and green colored ‘53 or ‘54 model Chevrolet pull into an alley directly behind a closed business across the street from the Gables Liquor Store at Ninth and Broadway Streets. He said he observed four individuals in the automobile and that three of them got out of the car and walked slowly to the corner of Ninth and Broadway; that the defendant Charles stood beside a building across the street from the liquor store and seemed to be observing traffic traveling north and south on Broadway. He said the two other individuals walked across the street toward the liquor store and also seemed to be looking around and observing traffic. He said that at this point the appellant Roberts got out of the automobile and shouted something to the other individuals and that all three of them returned to the automobile and pushed it to get it started. He said that Roberts was driving the automobile and after it started the other three got into the automobile with the driver. He said they drove the automobile around the block and parked it again underneath some shrubbery on a vacant lot and all four individuals got out of the automobile and walked back to Ninth Street. He said he became suspicious of their actions and called on his radio for a uniform car to stand by in the area. He said he lost sight of the individuals temporarily but kept the liquor store under surveillance and soon saw all four walking in the direction of the liquor store. He said that the appellant Roberts stopped outside the liquor store and stood against the building while two others went inside. He said that Charles took a position against a building across the street from the liquor store and was observing traffic on Broadway, while Roberts seemed to be observing traffic on Ninth Street and also north on Broadway. He said that while he was observing this, the two individuals who had entered the liquor store ran from it and were joined in flight by the appellants and that they all ran in different directions. He said that after calling for assistance and waiting until another police car blocked an alley, he approached the automobile he had seen the individuals park under the shrubbery. He said that when he approached the automobile, Roberts was in the driver’s seat under the steering wheel and the appellant Charles was in the back seat. He said the other two individuals were attempting to push the automobile to get it started. He said as the other officers approached the car, Roberts ran from the driver’s side of the car and was apprehended. He said as he approached the automobile, one of the individuals was throwing money on the ground and kicking it underneath the car, and that Charles was pushing money under the back seat of the automobile. Officer Dill identified a .52 caliber pistol taken from the front seat of the vehicle drived by Roberts. He also identified 53 quarters and one nickel recovered from under the back seat of the automobile after he observed Charles putting money under the back seat. Officer Dill also identified $34 in bills and Mr. Fulbright’s wallet taken iron the right front pocket of one of the individuals. Appellant Charles testified that he and Roberts had been shooting pool at a pool hall near the liquor store; that when they started to leave they were unable to get their automobile started. He said that while he and Roberts were working on the automobile, Rucker and Wilson approached and offered them $2 to drive Rucker and Wilson up Ninth Street. He said that while he and Roberts were still working on the car and before he could drive Wilson and Rucker up the street, the officers appeared and arrested all of them. He denied any knowledge of a robbery having been committed. He testified that when he first saw Wilson and Rucker on the evening in question, that he and Roberts and Magnolia Butler were at his house drinking beer; that Roberts and Rucker got into an argument at his house and later at the pool hall the appellant Roberts pulled a pistol on Rucker and Rucker left. He said that the next time he saw Rucker was when Rucker and Wilson came to the automobile and offered them $2 to drive up the street. Magnolia Butler testified that she had been with the appellants during the evening in question; that she had been at Charles’ house and later on walked down to Ninth Street where she went to the Burger Bar while Charles and Roberts went to the pool hall. She said she was with Roberts and Charles at all times and they did not take any part in the robbery. Benny Rucker testified that he and Austin Wilson robbed the liquor store and are serving sentences in the penitentiary on their pleas of guilty. He testified that Roberts and Charles knew nothing about the robbery and had no part in it. He said that after he and Wilson robbed the liquor store they saw Charles and Roberts working on the automobile in an alley and they offered Roberts $2 to take them to Wright Avenue. He said Roberts agreed to do so when he got his car fixed, so he and Wilson got into the automobile and were sitting there when the police arrived. We are of the opinion, and so hold, that there was sufficient evidence to take the case to the jury and the trial court did not err in refusing appellants’ motions for directed verdicts. We are also of the opinion there was sufficient evidence to sustain the conviction if the jury believed the testimony of Officer Dill, which it apparently did. See McDougal v. State, 202 Ark. 936, 154 S.W. 2d 810; Ford v. State, 222 Ark. 16, 257 S.W. 2d 30; Williams v. State, 230 Ark. 574, 323 S.W. 2d 922. As to the appellants’ second assignment, the trial court gave the state’s requested instruction No. 7 (as. amended by the court) setting out the statutory penalty for the crime of robbery. The appellants interposed a general objection to the giving of the instruction whereupon the court directed the state to make the opening portion of its closing argument. As the state made the opening portion of its closing argument, the record appears as follows: “MR. PIERCE: Another Arkansas law, 41-118, says it just simply doesn’t make any difference whether the person — MR. McARTHUR: (Interposing) Your Honor, at this time I am going to have to interrupt with an objection, and I would like to approach the bench, if the court please.” At the end of a conference between attorneys and the court out of the hearing of the jury, the attorney for the appellant dictated to the reporter as follows: “The State has failed to ask the Court for an instruction concerning accessory to a crime, and they are beginning to argue accessory. The defense objects claiming that the defendants were charged as principals, and there has been no instructions by the Court concerning accessory, therefore, it would be improper to allow the State to argue anything concerning accessory to a crime. The Court has overruled this objection, to which we save our exceptions.” Then in the presence of the jury, the record is as follows: “THE COURT: I have another instruction I will give you. (Reading): ‘An accessory is one who stands by and aids and abets or assists or who, not being abiding [sic], abetting or assisting, advised and encouraged the perpetration of the crime. All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such.’ ” Ark. Stat. Ann. § 41-118 (Repl. 1964) provides as follows: “The distinction between principals and accessories before the fact is hereby abolished, and all accessories before the fact shall be deemed principals and punished as such. In any case of felony, when the evidence justifies, one indicted as principal may be convicted as an accessory after the fact; if indicted as accessory after the fact, he may be convicted as principal.” In Bethel and Wallace v. State, 180 Ark. 290, 21 S.W. 2d 176, we said: “It is well settled that trial courts have a wide discretion in the supervision of trials before them, including matters pertaining to opening statements, and this court will not reverse unless a manifest abuse of discretion is shown.” See also, Blanton v. State, 249 Ark. 181, 458 S.W. 2d 373; Petty v. State, 245 Ark. 808, 434 S.W. 2d 602. In the case at bar that portion of the state’s argument “Another Arkansas law, 41-118, says it just simply doesn’t make any difference whether the person — ” told the jury nothing. The record does not show the remainder of the state’s argument after the objection was made by appellants’ counsel and the instruction on accessory was given. The appellants’ attorney called to the court’s attention the fact that an instruction on accessory had not been given and we are unable to find any prejudice to the appellants by the giving of the instruction. The case of Griffin v. State, 248 Ark. 1223, 455 S.W. 2d 882, is relied on by the appellants in the case at bar for the proposition that it was necessary that the state ask for an instruction before it can be given. We do not so interpret our decision in Griffin. We simply held in that case, as well as in the cases cited in Griffin, that when the trial court gives or fails to give a particular instruction, or if a party desires that the jury be instructed on any issue not covered by any of the instructions given, it is his duty to request the instruction giving the law on it. A trial court’s duty as to instructing a jury is set out in Ark. Stat. Ann. § 43-2134 (Repl. 1964) as follows: “When the evidence is concluded, the court shall on motion of either party, instruct the jury on the law applicable to the case.” The court is not required under this statute to give instructions when none are requested, Webb v. State, 154 Ark. 67, 242 S.W. 380, but certainly this statute does not preclude the trial court from giving correct and adequate instructions as to governing law, irrespective of whether he is requested to do so. We do not agree with the appellants’ contention that the court’s giving of the accessory instruction on his own volition after the other instructions were given, had the effect attributed to it by the appellants. The appellants called the matter to the court’s attention by objection to the argument, and under the statutes and cases above cited, we are unable to find any prejudice to the appellants by the giving of the instruction. There is nothing in the record to indicate that this instruction was singled out to the exclusion of others, or that it was given any greater weight than the other instructions. The judgment is affirmed.