David Allen SCHWINDLING *v.* STATE of Arkansas

CR 80-71                                    602 S.W. 2d 639
Supreme Court of Arkansas
Opinion delivered June 30, 1980
Rehearing denied August 25, 1980

*Stephen Engstrom*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged with burglary and theft of property arising out of the theft of a quantity of controlled drugs. See Ark. Stat. Ann. §§ 41-2002 and 41-2203 (Repl. 1977). He was convicted of both offenses and sentenced to concurrent terms of 20 years and 10 years, respectively. His only contention for reversal, through present counsel, is that the court erred in failing to instruct the jury on the sole issue raised by the evidence; i.e., the existence of the ordinary defense of self-induced intoxication.

Appellant presents a three-fold argument: (1) the existence of the defense of self-induced intoxication was the sole issue in the trial of the case; (2) self-induced intoxication is a "simple defense" to the crimes charged and the provisions of Ark. Stat. Ann. § 41-110 (1) (a) and (3) (c) require that such an instruction be given; and (3) the reasons supporting the "absent request" prohibition against raising the issue on appeal are strongly outweighed by fair trial considerations. Even assuming *arguendo* that the defense was sufficiently raised by the evidence, the court is not required to give a specific instruction when, as here, none was requested. Ark. Stat. Ann. § 43-2134 (Repl. 1977); *Tyler* v. *State*, 265 Ark. 822, 581 S.W. 2d 328 (1979); and *Roberts and Charles* v. *State*, 254 Ark. 39, 491 S.W. 2d 390 (1973). We do not construe § 41-110 (1) (a) and (3) (c) to require the trial court, *sua sponte*, give an instruction on an ordinary defense, as asserted here. The court instructed the jury that to sustain a burglary charge, the state must prove the appellant "entered . . . with the purpose of committing therein a theft of property," and that to sustain a theft charge, the state must prove the appellant "knowingly

took ... unauthorized control over the property of another person with the purpose of depriving the owner thereof." The jury was clearly instructed on the statutory definitions of the terms "purpose" and "knowingly," and that the burden was on the state to prove beyond a reasonable doubt the elements of each offense.

Affirmed.