WILLIAM HOWARD MOSLEY v. STATE OF ARKANSAS

5-5397                                   438 S.W. 2d 311

Opinion Delivered March 17, 1969

*Bill J. Davis* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellant.

GEORGE ROSE SMITH, Justice.    This appeal is from a verdict and judgment finding William Howard Mosley guilty of rape and fixing his punishment at life imprisonment.    The appellant's attorney, who was appointed by the court, argues three points for reversal.

Before the trial counsel filed a motion to suppress the defendant's confession, on the grounds that he was not properly warned of his constitutional rights and that he was too young to comprehend such a warning.    The trial judge held a hearing on the motion to suppress and found the confession to be admissible.    In accordance with our practice as set forth in *Harris* v. *State,* 244 Ark. 314, 425 S.W. 2d 293 (1968), we have independently reviewed the record and have reached the conclusion that the confession was admissible.

The offense of rape was committed in August of 1966.    In the following May young Mosley, who was

wanted as an escapee from the Boys Industrial School, was arrested and questioned about a more recent offense involving burglary and assault. The two officers who questioned Mosley testified that they first explained his constitutional rights and obtained his signature to a printed form of waiver containing a full statement of those rights. Mosley quickly admitted his guilt of the offense under investigation and signed a confession with respect to it.

The officers then repeated their explanation of Mosley's rights and obtained another signed waiver before questioning him about the older charge of rape. Mosley again admitted his guilt and signed a confession that agreed in all material details with the version later given by the prosecuting witness at the trial of the case. This is the confession that the trial judge found to have been voluntarily given.

We agree with that conclusion. Mosley testified at the hearing on the motion to suppress. He admitted that the officers read the waiver to him, but he testified that he did not understand it. He does not contend that he was physically mistreated, though he does say that one of the officers threatened to "bust" him when he got out of the reform school.

Mosley was fifteen years old when he was interrogated. He had served a term in the penitentiary and had also been confined to the Boys Industrial School. The trial judge made detailed findings of fact, which included this statement based upon firsthand observation: "He appeared to me to be completely normal and possessing the intellect of an average sixteen-year-old boy." Needless to say, officers who question an underage suspect should take his youthfulness into consideration in conducting their interrogation. In this case we do not find that young Mosley was abused or treated unfairly in any way. By the great weight of authority a minor is capable of making an admissible voluntary confession,

there being no requirement that he have the advice of a parent, guardian, or other adult. The cases are analyzed at length in *People* v. *Lara*, 62 Cal. Rptr. 586, 432 P. 2d 202 (1967), and need not be re-examined here.

Secondly, counsel contends that the State failed to make a prima facie case, because Mosley's confession is the only evidence that connects him with the crime. That is all the law requires, it being sufficient for the other proof to show that the offense charged was committed by someone. Ark. Stat. Ann. § 43-2115 (Repl. 1964); *Charles* v. *State,* 198 Ark. 1154, 133 S.W. 2d 26 (1939). The testimony of the prosecutrix satisfied the statutory requirement.

Finally, counsel complains of two references during the trial to the subsequent incident involving burglary and assault. Both references occurred during the cross-examination of Officer Calhoun, a witness for the State. Calhoun was asked what happened just before Mosley confessed to the rape, and the witness answered: "I was questioning him about a house burglary where he assaulted a woman and broke in her house." The answer could not have been unexpected, for the officer had given the same testimony at the earlier hearing upon the motion to suppress. Moreover, defense counsel continued his cross-examination without making any objection to the officer's reply to the question.

A few moments later counsel returned to the point, asking Officer Calhoun if Mosley had signed another statement before signing the confession of rape. Calhoun answered: "Yes, sir. He signed one before this one admitting to assault of this other woman over there." Counsel then made an objection and asked the court to admonish the jury, which was done. It was not until counsel had concluded his cross-examination that he asked for a mistrial, which he now insists should have been granted. The court properly refused to declare a mistrial, not only because that request manifestly came

too late but also because counsel's questions had elicited the information in the first place. Doubtless counsel expected to derive some benefit for his client by showing that the youth had already been questioned for about 70 minutes before the officers began to interrogate him about the rape charge. Counsel cannot be permitted to obtain the advantage of that argument to the jury and still insist upon a mistrial when the strategy proved to be unavailing.

Affirmed.