Charles NEAL *v.* STATE of Arkansas

CR 75-115                                   531 S.W. 2d 17

Opinion delivered December 22, 1975
[Rehearing denied Jan. 26, 1976.]

28

30

*Laster & Lane*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Robert A. Newcomb*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted by a jury of a capital felony murder in violation of Ark. Stat. Ann. § 41-4702 (a) (Supp. 1973) and sentenced to death by electrocution. Appellant, aided by another man during the robbery of a service station attendant, bound the victim's hands and feet and then shot him. After leaving the station they returned a short time later and, upon discovering the wounded attendant using the phone, the appellant shot him again. Death resulted from a total of seven pistol wounds.

Appellant first contends for reversal that Ark. Stat. Ann. §§ 41-4711 and 41-4712 (Supp. 1973), which permit the jury to consider aggravating and mitigating circumstances, are so vague as to be constitutionally defective. Appellant argues that "[I]n attempting to overcome the discretionary application of the death penalty proscribed in *Furman* v. *Georgia*, 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972), the Arkansas legislature specified what matters of mitigation and

aggravation the jury is limited to considering in rendering a decision as to the sentence." Appellant asserts that these provisions are "so vague, indefinite and open to reasonably different subjective interpretations and understandings on the part of a jury that these sections are constitutionally defective." We cannot agree.

§ 41-4711 provides:

Aggravating circumstances shall be limited to the following:

(a) the capital felony was committed by a person under sentence of imprisonment;

(b) the defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person;

(c) the defendant in the commission of the capital felony knowingly created a great risk of death to one (1) or more persons in addition to the victim;

(d) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody;

(e) the capital felony was committed for pecuniary gain; and

(f) the capital felony was committed for the purpose of disrupting or hindering the lawful exercise of any enforcement of laws.

§ 41-4712 provides:

Mitigating circumstances shall be the following:

(a) the capital felony was committed while the defendant was under extreme mental or emotional disturbance;

(b) the capital felony was committed while the defendant was acting under unusual pressures or influences, or under the domination of another person;

(c) the capital felony was committed while the capacity of the defendant to appreciate the wrongfulness of his conduct, or to conform his conduct to the requirements

of law was impaired as a result of mental disease or defect, intoxication or drug abuse;

(d) the youth of the defendant at the time of the commission of the capital felony; or

(e) the capital felony was committed by another person and the defendant was an accomplice or his participation relatively minor.

The thrust of appellant's argument is that "a criminal statute must be sufficiently specific to inform men of reasonable intelligence of the criminal act or omission." Therefore, "[I]f men of reasonable intelligence should not be required to speculate as to the act or omission proscribed in a criminal statute, [then] as criminal defendants they must be sentenced by jurors who also are not required to speculate as to the matters of aggravation and mitigation set out in the statute." The standard of specificity is defined succinctly in *United States* v. *Petrillo*, 332 U.S. 1 (1946). There the court said:

> The Constitution has erected procedural safeguards to protect against conviction for crime except for violation of laws which have clearly defined conduct thereafter to be punished; but the Constitution does not require impossible standards. The language here challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more.

In the case at bar the jury found in the bifurcated trial that only one aggravating circumstance existed; i.e, the offense was committed for a "pecuniary gain." In our view that terminology or phrase is a matter of such *common understanding and practice* that it cannot be said an ordinary man or juror would have to speculate as to its meaning. Likewise, we hold that the other aggravating factors enumerated in § 41-4711 meet this standard. Further, since the jury did not find that any other aggravated circumstance attended the offense, the appellant cannot complain. His exoneration as to the other factors obviously removed any possible prejudicial effect asserted as to them.

We turn now to the mitigating factors listed in § 41-

4712. (The jury found none existed.) As to the meaning of the phrase, "extreme mental or emotional disturbance,"' we observe that the jury had the benefit of proof adduced on that subject by the appellant and the state because the appellant interposed the defense of insanity. We are unable to perceive that any of the terminology used by the legislature in naming the various elements of mitigation can be said to be vague and beyond the "common understanding and practices" of the ordinary man or juror. The language used by our legislature is in terms sufficiently distinct and understandable for a fair administration of the law. As stated in *Petrillo, supra,* our federal constitution does not require "impossible standards" of certainty in a statute which defines criminal responsibility. This is likewise applicable to a statute which specifies aggravating or mitigating circumstances. In summary our view is that the concepts enumerated as mitigating circumstance by the legislature are reaonable and easily understood by the average individual or juror without speculation. *State* v. *Dixon,* 283 So. 2d 1 (Fla. 1973).

Appellant contends that Act 438 of 1973, Ark. Stat. Ann. §§ 41-4701 through 41-4716, is unconstitutional in that by imposing the death penalty for certain crimes on a discretionary basis it violates the prohibition against cruel and unusual punishment which is proscribed by the Eighth and Fourteenth Amendments to the United States Constitution. We cannot agree for the reasons stated in *Collins* v. *State* also decided today.

Appellant next contends that the court erred in excluding from the jury panel veniremen who expressed general objections to the death penalty. Appellant cites *Witherspoon* v. *Illinois,* 391 U.S. 510 (1968). *Witherspoon* only forbids the exclusion from juries of those veniremen who simply voice general objections to the death penalty and express concientious or religious scruples against its infliction. In the case at bar the court excused for cause those prospective jurors who made known that "regardless of the facts" they "would be unable to consider the death penalty." Consequently, the court's ruling comports with *Witherspoon* v. *Illionis, supra; Montgomery* v. *State,* 251 Ark. 645, 473 S.W. 2d 885 (1971); *Davis* v. *State,* 246 Ark. 838, 440 S.W. 2d 244 (1969); and *O'Neal* v. *State,* 253 Ark. 574, 487 S.W. 2d 618 (1972).

Appellant next contends that there was no evidence to support the jury's verdict as to aggravating circumstances. We disagree. The jury found that a "capital felony was committed for, or in the attempt for pecuniary gain." Appellant argues that in determining sentence the jury can consider only that evidence presented in the sentencing proceeding which follows the finding of guilty. Therefore, appellant asserts that since the state presented no evidence during the sentencing proceeding, there was a total failure of proof. Ark. Stat. Ann. § 41-4710 (Supp. 1973) provides:

> In the proceeding to determine sentence, evidence *may* be presented as to any matters relevant to sentence and shall include matters relating to any of the aggravating or mitigating circumstances enumerated in Sections 11 [§ 41-4711] and 12 [§ 41-4712] of this act. The State and the defendant or his counsel shall be permitted to present argument for or against the sentence of death. (Emphasis ours.)

Appellant argues that "shall" has to be read as "must" and that by this reading it is incumbent upon the state to introduce its evidence, if any, as to aggravating circumstances during the proceeding to determine the sentence, even if the same evidence, as here, was presented to the jury during the guilty or innocence phase of the trial. We construe this section to provide that at the penalty stage of the trial the state "may" produce evidence of aggravating circumstances in addition to any evidence of that nature previously adduced. In other words, it need not repeat that type of evidence. This construction is supported by the fact that no where in § 47-4710 does the legislature direct that the jury, in reaching their decision as to punishment, be instructed to disregard evidence pertinent to the listed aggravating circumstances that were presented during the guilty phase of the trial.

As to the sufficiency of the evidence with respect to the jury's finding of an aggravating circumstance, i.e, that the felony murder was committed "for pecuniary gain," it is well established that upon appellate review we consider only that evidence which is most favorable to the appellee and affirm if it is substantial. *Haynie v. State*, 257 Ark. 542, 518 S.W. 2d 492

(1975). Here there was evidence that appellant actively participated in the robbery murder and received approximately $100 as his part of the robbery proceeds. This evidence was amply substantial to support the jury's finding that a felony murder was committed "for pecuniary gain."

Appellant next contends that the jury's finding of no mitigating circumstances was contrary to the preponderance of the evidence. That was the evidentiary test according to the court's instruction. In support of this contention appellant relies on the argument previously discussed that the jury can consider only that evidence introduced in the sentencing proceeding. As we have just said, we do not deem it was the legislature's intent to so limit the jury and, consequently, it could consider all the evidence adduced at each bifurcated phase of the trial. Appellant argues that his unrefuted evidence, at the sentencing proceeding, by a psychologist that mitigating circumstances existed because of appellant's incapacity to understand the wrongfulness of his conduct and he was mentally impaired and emotionally disturbed was ignored by the jury. However, as indicated, at the guilty or innocent phase of the trial, the state, in response to appellant's evidence of insanity, adduced evidence from a State Hospital psychiatrist that appellant was examined there by him and the staff pursuant to a court order and appellant was found without psychosis. He testified that appellant "was not psychotic and knew right from wrong at the time I examined him **** and was capable of assisting in his defense and in his trial. . . ." The jury is the trier of the facts and it is solely within its function and province to resolve the conflicting evidence. *Simmons* v. *State*, 255 Ark. 82, 498 S.W. 2d 870 (1973); and *Clark* v. *State*, 246 Ark. 1151, 442 S.W. 2d 225 (1969). In the case at bar the state's evidence was amply sufficient to justify the jury's finding that no mitigating circumstances existed.

Appellant next contends that the court erred in giving the state's requested instruction No. 22, given as the court's instruction No. 17. Appellant argues that the instruction tells the jury how to impose the death sentence and the effect of the instruction is to usurp the prerogative of the jury and gives undue prominence to the state's request for the imposi-

tion of the death penalty. Suffice it to say that appellant made no objection to the instruction nor offered one. Therefore, he cannot now raise the objection for the first time on appeal. Rule XIII of the Uniform Rules for Circuit and Chancery Courts, Vol. 3A, Ark. Stat. Ann. (Supp. 1973); *Cassidy* v. *State*, 254 Ark. 814, 496 S.W. 2d 376 (1973); and *Griffin* v. *State*, 248 Ark. 1223, 455 S.W. 2d 882 (1970). The fact that this is a capital case does not change the rule. *Fields* v. *State*, 235 Ark. 986, 363 S.W. 2d 905 (1963); and *Johnson* v. *State*, 127 Ark. 516, 192 S.W. 895 (1917).

Appellant next contends for reversal that the court erred in finding that the appellant's confession was voluntary and admissible. Whenever the voluntariness of a defendant's confession is disputed on federal constitutional grounds, we make an independent determination from a review of the entire record. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974); *Davis* v. *North Carolina*, 384 U.S. 737, 86 S. Ct. 1761, 16 L. Ed. 2d 895 (1966); and *Harris* v. *State*, 244 Ark. 314, 425 S.W. 2d 293 (1968). In doing so, however, we do not set aside a trial court's finding of voluntariness unless the finding is "clearly erroneous." *Degler* v. *State, supra*. This standard of review is in accord with that of the federal courts. *United States* v. *United States Gypsum Co.*, 333 U. S. 364 (1948); and *Maple Island Farm* v. *Bitterling*, 209 F. 2d 867 (8th Cir. 1954).

At the pretrial proceeding the 19½ year old appellant, represented by his then counsel, told the court his confession was true; he actively participated in the alleged crime, he was guilty of the offense and desired to plead guilty and/receive a life sentence without parole. (Appellant later revoked his guilty plea to one of not guilty by reason of insanity and present counsel was then appointed.) However, he told the court that although his statement was true, it was made "out of fear" of the threat of the electric chair made to him by an officer. There is no contention that all of the officers who were material witnesses during his confession did not appear and testify at the Denno hearing. They testified that during the approximate two hours appellant was interrogated, he was first apprised of his constitutional or Miranda rights and signed a "standard rights form" to that effect. Appellant's narration as to his presence and active participation in the

robbery murder was reduced to writing and signed by him. He claimed the actual shooting was done by his confederate. This man testified, however, that the appellant did the shooting. As indicated previously, appellant adduced evidence of diminished mental capacity. A psychologist (who had not observed or tested appellant during the last five years) testified that appellant's maximum educational attainment would be sixth grade level, his judgment is limited and he is mentally and emotionally disturbed. A school official corroborated this evaluation. However, as indicated, the state adduced evidence from a psychiatrist at the State Hospital, where appellant was examined by the staff pursuant to a court order, that appellant was without psychosis, is responsible for his acts, and knows right from wrong. Furthermore, appellant's signed confession was uncontroverted at the Denno hearing and there was no objection to its admissibility before the jury. In the circumstances and after a review of the entire record, we cannot say that the court's finding that appellant's confession was voluntary is clearly erroneous and, therefore, against the preponderance of the evidence. *Degler v. State, supra.* See also *Leasure v. State,* 251 Ark. 887, 475 S.W. 2d 535 (1972); and *Mosley v. State,* 246 Ark. 358, 438 S.W. 2d 311 (1969).

The court was correct in denying appellant's motion for a directed verdict at the close of the state's case in chief. Appellant's confession connects him with the robbery murder. "That is all the law requires, it being sufficient for the other proof to show that the offense charged was committed by someone." *Mosley v. State,* 246 Ark. 358, 438 S.W. 2d 311 (1969); *Mosby v. State,* 253 Ark. 904, 489 S.W. 2d 799 (1973); Ark. Stat. Ann. § 43-2115 (Repl. 1964). In the case at bar the testimony of appellant's acquaintance that appellant had told him he had committed the offense and shot the victim seven times; the testimony of appellant's accomplice; and the medical evidence that the decedent suffered seven gunshot wounds was abundantly sufficient to meet the statutory requirements of sufficiency of the evidence. Further, a motion for a directed verdict at the close of the state's case is waived when, as here, the appellant did not stand upon the motion and proceeds to introduce evidence to establish his defense. *Brewer v. State,* 257 Ark. 51, 513 S.W. 2d 914 (1974).

The appellant objected to the court's instruction No. 8 which defines an accessory to an offense. The instruction was correct and in conformity with Ark. Stat. Ann. § 41-118 (Repl. 1964). *Fleeman and Williams* v. *State*, 204 Ark. 772, 165 S.W. 2d 62 (1942); and *Roberts* v. *State*, 254 Ark. 39, 491 S.W. 2d 390 (1973).

After considering every objection and assignment of error, which is required by Ark. Stat. Ann. § 43-2725 (Supp. 1973), and finding no error, the judgment is affirmed.

Affirmed.