S<small>TROUD AND</small> M<small>AYS</small>, JJ, not participating.

James E. SCOTT *v.* STATE of Arkansas

CR 79-206                              592 S.W. 2d 122

January 14, 1980

PER CURIAM

Petitioner was convicted by a jury of rape on February 24, 1970, and was sentenced to be executed. On December 24, 1970, this sentence was commuted to life imprisonment by the Governor. We affirmed, *Scott v. State*, 249 Ark. 967,

463 S.W. 2d 404 (1971). On June 11, 1976, petitioner filed a petition for permission to proceed in circuit court under Arkansas Criminal Procedure Rule 37 for postconviction relief. We denied his petition for postconviction relief:

Petitioner raises the following grounds for postconviction relief:

(1) racial discrimination was involved in the selection of the jury panel; (2) racial prejudice at the time of the trial mandated a change in venue; (3) weapons obtained by an unreasonable search and seizure were improperly admitted at trial; (4) the jury was erroneously instructed on pardons and paroles; (5) trial counsel was ineffective in failing to adequately investigate and prepare for trial, failing to move for a change of venue, and failing to challenge the racial composition of the jury.

He asks us to waive the portion of Rule 37 which provides that all grounds for relief must be raised in one petition. He contends that the sole point alleged in the previous petition, the racial composition of the jury panel, was raised on appeal in only one sentence and was presented in a general and conclusory manner in the prior petition. He argues that we should find this issue to not have been "finally adjudicated." He also asserts that although his other grounds were not raised in the previous petition, we should find that these issues were "inadvertantly neglected" by the attorney who drafted that petition. The petition in the present matter was filed by a law student under supervision.

Rule 37.2(b), Rules of Criminal Procedure (1976), states:

All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition. Any grounds not so raised or any grounds finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence or any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence may not be the basis for a subsequent petition.

The first postconviction petition alleged that "black citizens were intentionally and systematically excluded from service on the jury" in violation of petitioner's constitutional rights. This allegation was initially raised on appeal. Since the record was void of any reference of discrimination, we declined to speculate on the racial composition of the jury panel. When the issue was again raised in the first postconviction petition, we found that not only had this point been raised and decided adversely to petitioner on appeal, but that it was still being raised in conclusory terms without supporting facts or evidence. We note that two more of petitioner's present allegations were addressed on appeal and rejected. Counsel had argued that the trial court should have recognized the racial prejudice and hatred the community was experiencing and ordered a change of venue to insure a fair trial. We refused to speculate since there was nothing in the record to support the allegations. We also considered the circumstances surrounding the search that resulted in the seized weapons and concluded the search was reasonable.

Petitioner's petition for postconviction relief is denied. Rule 37 clearly provides that a prisoner will not be allowed to file subsequent petitions unless his petition falls within the specified exceptions. This petition does not meet those requirements. Petitioner has had two full opportunities to present his allegations to us. Each time he was represented by counsel. Petitioner has failed to satisfactorily show why his attorney could not have raised the allegations in his first postconviction petition. Thus, we see no need to go behind the rule to allow this subsequent petition because petitioner has failed to clearly demonstrate manifest injustice resulting from his several opportunities for redress.

Furthermore, this petition was not filed within three years from the date of commitment as required by Criminal Procedure Rule 37.2(c). The rationale for the provision is clearly demonstrated in this case since we note that the attorney who represented petitioner at trial and on appeal and the circuit judge who presided at the trial are both dead.

Accordingly, the petition for permission to proceed in

circuit court under Criminal Procedure 37 is denied.

Petition denied.