**Carl Albert COLLINS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 82–1769.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1983.

Decided May 11, 1983.

Rehearing and Rehearing En Banc Denied June 21, 1983.

Jack Greenberg, James M. Nabrit, III, Joel Berger, John Charles Boger, Deborah Fins, James S. Liebman, Anthony G. Amsterdam, New York University School of Law, New York City, for amicus curiae the NAACP Legal Defense and Educational Fund, Inc.

Steve Clark, Atty. Gen. by Victra L. Fewell and William C. Mann, III, Asst. Attys. Gen., Little Rock, Ark., for appellee.

Lessenberry & Carpenter by Thomas M. Carpenter, Little Rock, Ark., for appellant.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

BRIGHT, Circuit Judge.

Carl Albert Collins, the first Arkansas prisoner sentenced to death under an Arkansas statute drafted after the Supreme Court's decision in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), appeals from the district court's denial of his writ of habeas corpus. We conclude that the total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and considerations of comity require that Collins' petition be held in abeyance pending Collins' presentation to the Arkansas Supreme Court of his unexhausted claims and his claim that the omission of any proportionality review of his death sentence is unconstitutional. Accordingly, we reverse and remand the case to the district court, 545 F.Supp. 83, with instructions to retain jurisdiction and hold the case in abeyance pending Collins' exhaustion of state remedies.

I. *Background.*

In 1974, an Arkansas jury convicted Collins of capital felony murder for killing a seventy-two-year old man during the course of a robbery. After a bifurcated trial and sentencing procedure, a jury sentenced Collins to death. Collins unsuccessfully appealed the conviction and sentence. *Collins v. State,* 259 Ark. 8, 531 S.W.2d 13 (Ark.1975), *judgment vacated and remanded, Collins v. Arkansas,* 429 U.S. 808, 97 S.Ct. 44, 50 L.Ed.2d 69 (1976), *aff'd on remand,* 261 Ark. 195, 548 S.W.2d 106 (Ark.), *cert. denied,* 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158, *rehearing denied,* 434 U.S. 977, 98 S.Ct. 540, 54 L.Ed.2d 471 (1977).

Collins petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court held a hearing, and then dismissed Collins' petition. On appeal to this court, Collins alleges that (1) his attorneys provided ineffective assistance during both his trial and sentencing, (2) the issue of "pecuniary gain" as an aggravating circumstance to warrant the imposition of the death penalty violated his constitutional rights, and (3) the Arkansas capital murder statute, as applied to him, unconstitutionally failed to provide an effective basis for comparative review of death penalties.

II. *Discussion.*

A year after *Furman v. Georgia, supra,* struck down the death penalty as adminis-

tered in all American jurisdictions, the Arkansas legislature passed a new capital punishment statute. This is the statute under which an Arkansas jury convicted and sentenced Collins. *See* Ark.Stat.Ann. §§ 41–4701 *et seq.* (Supp.1973). This statute did not require, however, appellate review independent of any errors assigned by the parties, to ensure that the imposition of a death sentence in a particular case was not disproportionate to sentences imposed in similar cases.

After the Arkansas Supreme Court affirmed Collins' sentence on direct appeal without conducting a comparative review of punishments imposed in similar cases, the United States Supreme Court vacated the sentence and remanded for reconsideration. *Collins v. State, supra,* 259 Ark. 8, 531 S.W.2d 13 (Ark.1975), *judgment vacated and remanded,* 429 U.S. 808, 97 S.Ct. 44, 50 L.Ed.2d 69 (1976) (remanded for reconsideration in light of *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) and companion cases). On remand, a majority of the Arkansas Supreme Court held the statute constitutional, concluded that appellate review comparing cases in which the death penalty has been imposed is not constitutionally or statutorily required by the 1973 Act, and observed that comparative review in any event would be "difficult" in Collins' case because he had been the first Arkansas prisoner convicted and sentenced under the 1973 Act. *Collins v. State, supra,* 548 S.W.2d at 111, 119–22. Three justices dissented in *Collins,* finding the Arkansas death penalty statute unconstitutional. *Id.* 548 S.W.2d at 123 (George Rose Smith, J., dissenting); *id.* 548 S.W.2d at 123–25 (Hickman, J., dissenting). Justice Hickman specifically dissented on the ground that until "a majority of this court * * * accept[s] * * * the obligation to compare sentences and to reduce any disproportionate sentence," Arkansas' capital-sentencing procedures would be unconstitutional. *Id.* 548 S.W.2d at 125 (Hickman, J., dissenting).

Arkansas juries imposed five death sentences under the 1973 Act before it was superceded on January 1, 1976. *Woodard v. State,* 261 Ark. 895, 553 S.W.2d 259 (Ark. 1977); *Giles v. State,* 261 Ark. 413, 549 S.W.2d 479 (Ark.1977); *Hulsey v. State,* 261 Ark. 449, 549 S.W.2d 73 (1977); *Collins v. State, supra,* 531 S.W.2d at 13; *Neal v. State,* 259 Ark. 27, 531 S.W.2d 17 (Ark. 1975). However, the Arkansas Supreme Court has vacated two of these sentences because that court found death to be an unduly harsh penalty under the circumstances. *Neal v. State,* 274 Ark. 217, 623 S.W.2d 191, 192 (Ark.1981) (death sentence vacated because Neal's diminished mental capacity made death an excessive punishment); *Giles v. State, supra* (death sentence vacated because Giles' mental disorders made death an excessive punishment). A third death sentence has been vacated on other grounds. *Hulsey v. Sargent,* No. PB–C–81–2 (E.D.Ark. July 1981) (death sentence vacated by oral order). A fourth is currently the subject of a federal habeas corpus petition. *Woodard v. Sargent,* No. PB–C–81–433 (E.D.Ark. filed Dec. 23, 1981).

The 1976 Act changed substantially the 1973 Act capital sentencing procedures in a number of ways. The 1976 Act omits, however, any express specialized review procedures. Nonetheless, the Arkansas Supreme Court has assumed the obligation to "compare death penalty cases * * * to others that we have considered," *Swindler v. State,* 267 Ark. 418, 592 S.W.2d 91, 99 (Ark. 1979), and has recently reduced two death sentences because of the similarity of their facts to cases in which life-without-parole sentences were imposed. *Neal v. State, supra,* 623 S.W.2d at 192; *Sumlin v. State,* 273 Ark. 185, 617 S.W.2d 372, 375 (Ark.1981).

In this case, the Arkansas Supreme Court did not subject Collins' sentence to a comparative review. We realize that in his 1977 appeal Collins attacked the 1973 Act's omission of any comparative review provision. Moreover, we acknowledge that on Collins' appeal, the Arkansas Supreme Court expressly refused to conduct "similar case" review. However, we feel that considerations of comity require that we afford the Arkansas Supreme Court an opportunity to consider further the issue of proportionality in light of current circumstances.

We note that since Collins' appeal in 1977, the Arkansas Supreme Court has assumed the obligation to compare sentences. We also note that three of the death sentences imposed under the 1973 Act have been subsequently vacated. We further observe that the Ninth Circuit, in a recent opinion, held that proportionality review is a constitutional prerequisite to imposition of the death penalty, and that the Supreme Court has agreed to hear oral argument in that case. *Harris v. Pulley,* 692 F.2d 1189, 1196–97 (9th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983).

Additionally, Collins raises unexhausted claims in his petition. The total exhaustion rule of *Rose v. Lundy, supra,* requires that we defer consideration of Collins' petition until the Arkansas courts have had an opportunity to pass upon these matters.

As a final matter, we note that the Arkansas Supreme Court has left open the door to successive Rule 37 petitions under limited circumstances. *See Scott v. State,* 267 Ark. 536, 592 S.W.2d 122, 123–24 (Ark. 1980). We conclude that it is appropriate as a matter of comity that the Arkansas state courts be afforded the opportunity to determine whether Collins can further litigate his claims in state post-conviction proceedings.

### III. *Conclusion.*

Accordingly, we reverse and remand to the district court with instructions to retain jurisdiction and hold the case in abeyance under the existing stay of execution pending Collins' prompt presentation to the Arkansas Supreme Court of all his federal constitutional claims.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

The petitioner in this case perpetrated a particularly heinous crime. The issues raised in this appeal in a collateral proceeding do not warrant interference with the state court's judgment. I would affirm the district court's denial of the writ of habeas corpus.

The facts of the brutal murder by Collins deserve recounting for a complete understanding of this case. In July 1974 Collins, then twenty years old, started working for John and Gertrude Welch, an elderly couple who had been married for fifty-four years. Collins was helping Mr. Welch build a barn. On the evening of August 12, as Collins was being paid, he learned that Mr. Welch had several $20 bills in his wallet. On the morning of August 13, Collins went from the barn to the house to get some ice water which Mrs. Welch had prepared. He started beating Mrs. Welch with an object. Because of Mrs. Welch's screams, Mr. Welch came to the house. Collins got hold of a shotgun and shot Mr. Welch. He took Mr. Welch's wallet, took money from Mrs. Welch's purse, and tore the phone from the wall. He drove off in the Welches' truck, leaving them for dead. In the afternoon a passing telephone repairman found Mrs. Welch and she was saved, but Mr. Welch was already dead. *Collins v. State,* 259 Ark. 8, 531 S.W.2d 13, 14 (Ark.1975).

I perceive no need to remand this case to the district court pending a possible state court review. All of Collins' state remedies are exhausted. Admittedly Collins has raised issues not presented to the Arkansas courts. However, this does not mean the claims are unexhausted. A claim is unexhausted if an applicant "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (1976). Collins has exhausted all state procedures available to him. He has exhausted his appeals. *Collins v. State,* 261 Ark. 195, 548 S.W.2d 106 (Ark.), *cert. denied,* 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977). The Arkansas Supreme Court has considered a collateral attack by Collins via Rule 37 of the Arkansas Rules of Criminal Procedure. *Collins v. State,* 611 S.W.2d 182 (Ark.1981). The Arkansas Supreme Court has ruled that it "will no longer consider any subsequent [Rule 37] petitions unless the original petition was specifically denied without prejudice." *Williams v. State,* 273 Ark. 315, 619 S.W.2d 628, 629 (Ark.1981). Collins' petition was not denied

without prejudice. There is no reason to think the *Williams* decision would not apply to Collins. The language leaves no room for exceptions. The petitioner in *Williams* was convicted of felony murder, as was Collins. The only difference in their situations is that Williams was sentenced to life imprisonment without parole, and Collins received the death penalty. There is not a suggestion of any kind in *Williams* that the Arkansas Supreme Court would apply a different rule for Rule 37 petitioners who are under a death sentence. The case cited by the majority for the proposition that Arkansas may consider successive Rule 37 petitions, *Scott v. State,* 267 Ark. 536, 592 S.W.2d 122, 123–24 (Ark.1980), preceded the unequivocal statement in *Williams.* Collins' state remedies are exhausted.

Furthermore, even if the Arkansas courts would be inclined to again review Collins' case for the purpose of conducting a comparative review, there is no reason why the district court must retain jurisdiction. If the Arkansas courts would grant another review and vacate the death penalty, the habeas petition would become moot. If Arkansas courts do nothing, the case would be in the same posture in which it now stands. The majority should at least address the merits of whether Collins' comparative review met whatever constitutional standards may exist, rather than engage in a dilatory tactic of having the district court hold the matter in abeyance pending some possible action by the state courts.

Addressing the merits of Collins' comparative review argument, I think the Arkansas Supreme Court conducted a comparative review that would meet any constitutional standard, even the restrictive one imposed by the Ninth Circuit in *Harris v. Pulley,* 692 F.2d 1189 (9th Cir.1982), the case now under review by the Supreme Court. —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983). In *Harris* the Ninth Circuit ruled that the California Supreme Court acted unconstitutionally in not undertaking *any* comparative review. 692 F.2d at 1196. In Collins' case the Arkansas Supreme Court, while asserting that a comparative review was not constitutionally re-

quired, 548 S.W.2d at 121, did conduct a comparative review as best it could considering that Collins was the first person sentenced to death under the 1973 death penalty act. The court reviewed the circumstances of the murder, the aggravating circumstances, and the sole mitigating circumstance of Collins' youth. The Arkansas Supreme Court concluded: "To say the least, we are unable to find any case in which this court has reduced a death penalty where there was such a dearth of mitigating circumstances and such seriously aggravating circumstances." 548 S.W.2d at 122. I believe the Arkansas Supreme Court's review satisfied any comparative review that may be constitutionally required and correctly concluded that the facts of Collins' horrid crime justified the death penalty. By remanding the case, the majority is implying that the first person sentenced to death under a death penalty statute cannot constitutionally be sentenced to death because a comparative review under the statute is technically impossible; then each successive murderer would be relieved of a death penalty on the same specious ground. I do not ascribe to such absurd reasoning.

I also believe that Collins' other arguments do not warrant relief. Collins argues he did not receive effective assistance of counsel at trial because his counsel requested a lesser included offense instruction of second degree murder but did not request a first degree murder instruction. Collins argues the first degree murder instruction would have been better because it covered murder committed during the course of a robbery but did not carry the death penalty, as does felony murder. The second degree murder instruction did not apply to a murder committed during the course of a robbery. According to Collins' present counsel, the evidence of a robbery-murder was so great that the best counsel could have hoped for was a first degree murder conviction. I do not agree that counsel's choice in this matter rendered counsel ineffective. One of Collins' lawyers testified that the requested instruction was part of the trial

strategy. The defense's theory of the case was that the robbery was an afterthought, which could take the case outside of both felony murder and first degree murder. It was counsel's opinion that the best strategy was to avoid discussion of felony murder and attempt to characterize the case as second degree murder. The decision may or may not have been the best strategy, but it certainly was a reasonable strategy and does not justify a finding of ineffective assistance of counsel.

Collins also argues he was denied effective assistance of counsel at his sentencing because his lawyers did not consider putting on evidence of Collins' background, they did not use Collins' parents as witnesses, and they did not adequately advise Collins about testifying himself. However, the testimony of Collins' lawyers shows the decisions were reasoned exercises of trial strategy. No one the lawyers talked to had anything good to say about Collins, and almost everyone had something bad that could have been elicited on cross-examination. Collins' lawyers were concerned that if Collins' parents testified negative evidence might come out, such as Collins' car theft when he was eleven years old or his shooting of his grandmother while burglarizing her home. The lawyers said they told Collins of his right to testify but Collins did not want to testify. The lawyers felt this was the proper choice because Collins' behavior was so unpredictable and because of what might come out on cross-examination. Collins had the effective assistance of counsel at his sentencing.

The last issue Collins raises is that the constitution prohibits considering pecuniary gain an aggravating circumstance for purposes of imposing the death penalty. He argues that the phrase "pecuniary gain" is unconstitutionally vague and that the double jeopardy clause prohibits pecuniary gain from being considered an aggravating circumstance because it already was an element of the crime.

The assertion that "pecuniary gain" is unconstitutionally vague is frivolous. The language is of such common understanding and practice that an ordinary juror would not have to speculate as to its meaning. I also find the double jeopardy argument to be without merit. First, the assumption Collins makes is inaccurate—pecuniary gain is not necessarily an element of the crime of felony murder. The Arkansas act defined felony murder as "the unlawful killing of a human being when committed by a person engaged in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, kidnapping, or mass transit piracy ...." Ark.Stat.Ann. § 41–4702 (Supp. 1973). Although robbery necessarily has a pecuniary gain element, not all of the other offenses do. The fact that a robbery-murder would necessarily include an aggravating circumstance simply represents a legislative determination that robbery-murder is particularly heinous.

Furthermore, I see no reason why an element of the crime cannot be an aggravating circumstance. In determining the appropriateness of the death penalty, the circumstances of the crime must be considered. I can see no constitutional requirement that the factual circumstances considered in finding guilt must be disregarded when deciding the sentence.

Because Collins has exhausted his state remedies and the contentions he raises before this court have no merit, I would affirm the judgment of the district court. The continuous repetitious review of capital murder cases, especially where the death penalty has been imposed, diminishes the public's respect for the law and weakens the public's confidence in the courts, whose primary duty is to impose objectively the law of the land.