918 F.2d 959
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. UPPOLE, Plaintiff/Appellant,
v.
James D. REYNOLDS, Linda Kersch, John A. Gorman, Eric Blanc,
Defendants/Appellees.
 No. 89-1482.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1990.*
Decided Nov. 21, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Ronald Uppole was found incompetent to stand trial for the murder of his wife. People v. Uppole, 97 Ill.App.3d 72, 422 N.E.2d 245 (1981). He was thereafter committed to the custody of the Illinois Department of Mental Health and was required to petition the court prior to any release. At a discharge hearing in late 1983, the court held that Uppole continued to suffer from a mental deficiency and that he remained unfit to stand trial.
 
 
 2
 Uppole was transferred to Zeller Mental Health Center in April 1984. In August 1984 (less than one year after the most recent competency hearing), a doctor at Zeller sent a letter to Judge John Gorman expressing his opinion that Uppole was ready to be discharged. A discharge hearing was held on April 11, 1986, before Judge Gorman, and Uppole was found to have a continuing mental deficiency. The judge recommitted Uppole to the custody of the Illinois Department of Mental Health for a term not to exceed the maximum prison term for murder.
 
 
 3
 After the discharge hearing, Uppole filed a pro se action under section 1983 in federal court, alleging that proper state procedures were not followed at the hearing and demanding either to be discharged or transferred to a different facility. He named as defendants his attorney Reynolds, Judge Gorman, State's Attorney Eric Blanc (who represented the State at the hearing), and therapist Linda Kersch (a Zeller psychologist who recommended at the hearing that Uppole not be released). After several months, Uppole tendered a proposed amended complaint, requesting to add as defendants the governor, various state government officials, and members of the Zeller administration. He also sought to recover $37 million in damages for personal suffering and lost business opportunities during the time he had been allegedly illegally confined.
 
 
 4
 The district court denied Uppole's motion, holding that the proposed amended complaint failed to state a claim for relief under section 1983. According to the district court, Uppole failed to allege any facts that connected the proposed defendants to any allegedly unconstitutional activity. The court ordered Uppole to show cause why his original complaint should not be dismissed since the four original defendants enjoyed absolute immunity or were private, as opposed to state, actors. Uppole filed a response, arguing that the court should ignore the state actor requirement and the immunity doctrine.
 
 
 5
 The district court rejected Uppole's section 1983 arguments, but held that, liberally construed, Uppole's complaint might be alleging an action in the nature of habeas corpus. Since there was nothing in the record to show that a potential habeas claim was exhausted, the court "stayed" Uppole's federal suit and directed him to proceed in state court. Uppole was required to file proof of exhaustion with the district court before reasserting his claims there.
 
 II.
 
 6
 We first address a question of appellate jurisdiction. Since the district court did not enter a Rule 58 "final order" in this case, but rather "stayed" plaintiff's action pending exhaustion, we may not have a final order in this case. Defendants Gorman and Kersch, however, contend that the court's stay of February 2, 1989 is final and appealable.[1] They argue that under the holding of Moses H. Cone Memorial Hospital v. Mercury, 460 U.S. 1 (1983), the district court's stay surrendered jurisdiction of the suit to the state court and thereby had the effect of dismissing the action for purposes of appeal. We agree with Gorman and Kersch. The district court judge may not send a petitioner to state court to exhaust his or her remedies and retain jurisdiction over the case by calling the dismissal a "stay." The district court's conclusion that Uppole had unexhausted claims created a final order that Uppole could appeal directly to this court. Any other result would preclude prompt legal challenges to the district court's ruling.
 
 
 7
 On the merits, Uppole's complaint fails to state a claim for relief against any of the defendants under section 1983. Attorney Reynolds is not a state actor; he was retained and paid by Uppole to act as his private attorney and is therefore not a proper defendant in a section 1983 action. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Judge Gorman is entitled to absolute immunity for acts performed in his judicial capacity. Forrester v. White, 484 U.S. 219, 228 (1988). The acts Judge Gorman performed in this case certainly qualify as judicial acts. See Stump v. Sparkman, 435 U.S. 349, 362-63 (1978). Prosecutor Blanc[2] may not be held liable in a civil suit for damages under section 1983 since he is also absolutely immune. Imbler v. Patchman, 424 U.S. 409, 427 (1976). Therapist Kersch, who testified as a witness in Uppole's discharge hearing, enjoys absolute immunity for her testimony at that hearing. Briscoe v. La Hue, 460 U.S. 325 (1983). Uppole's allegations against Kersch do not extend beyond her alleged perjured testimony at the hearing. Finally, as the district court held, Uppole failed to allege any facts supporting his claim that the proposed defendants were involved in the alleged constitutional deprivations he claims to have suffered.
 
 
 8
 As the district court held, however, Uppole's complaint could be construed as an action in the nature of habeas corpus. He originally sought release from his confinement, and this is a traditional habeas remedy. Preiser v. Rodriguez, 411 U.S. 475 (1973). Uppole's potential habeas claims are unexhausted and thus the district court correctly directed Uppole to state court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Defendant Reynolds claims that there is no final order in this case because the district court did not address all of the claims against all of the defendants. This argument is refuted by the record: the court refused to allow Uppole to add the proposed defendants to the suit and held that the claims against the existing four defendants were meritless. Thus, the judge ruled on all claims against all defendants
 
 
 [2]
 There was no brief filed on behalf of Blanc. Despite the fact that our docket sheet lists the Illinois Attorney General as counsel for Blanc, the Attorney General filed its brief solely on behalf of Judge Gorman and Kersch