**UNITED STATES of America, ex rel., Patrick H. WRIGHT, Petitioner,**

v.

**Howard PETERS, et al., Respondents.**

No. 93–2105.

United States District Court, C.D. Illinois, Danville Division.

Oct. 21, 1993.

See also 111 Ill.2d 128, 95 Ill.Dec. 787, 490 N.E.2d 640.

Alan Freedman, Bruce H. Bornstein, Gary Prichard, Freedman & Bornstein, P.C., Chicago, IL, for petitioner.

Michael M. Glick, Office of the Atty. Gen., State of Ill., Chicago, IL, for respondents.

## ORDER

BAKER, District Judge.

■ This death penalty habeas corpus matter is before the court on the petitioner's motion to stay the proceedings and hold them in abeyance pending state court consideration of his unexhausted claims. The petitioner contends that two recent Illinois state court decisions will allow him a second post-conviction proceeding. The respondents counter with a motion to dismiss the petition outright under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as it is a mixed petition containing both exhausted and unexhausted claims. The parties therefore agree that the court should not proceed further on the petition. They also agree that the petitioner will be free to return to this court after exhausting his claims in state court. This is so because if the petition is stayed it remains held in abeyance and if it is dismissed as mixed there is no successive petition issue because the dismissal would not have been on the merits. *See Kuhlmann v. Wilson*, 477 U.S. 436, 451, 106 S.Ct. 2616, 2625, 91 L.Ed.2d 364 (1986).[1] At this time, the court grants the stay and holds the case in abeyance pending exhaustion of the petitioner's state court remedies.

The dispute centers around the petitioner's concern that his execution date could be set and carried out while his new post-conviction petition awaits decision. On April 13, 1993, the Illinois Supreme Court granted a stay of execution pending resolution of this federal action and if this court now dismisses the petition, Illinois could conceivably move forward on the execution if no state judge is persuaded to grant another stay. The respondents assert that a dismissal would be most efficient because the parties would go directly before the Illinois Supreme Court as the petitioner sought to extend the stay. Then, the decision on the stay would signal whether the Illinois Supreme Court considered the issues to be procedurally defaulted (stay refused) or ripe for a merits review (stay granted).

■ The respondents conceded at oral argument that the court has the discretion to grant the petitioner his stay without offending any higher court precedent. The Supreme Court has clearly held that "a district court must dismiss habeas petitions containing both exhausted and unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) (footnote omitted). It is important to note initially that *Rose* reversed a district court's *grant* of the writ based on a mixed petition. *See id.* at 513, 102 S.Ct. at 1200. The district court had analyzed the exhausted claims on the merits and did not consider the unexhausted claims "in the constitutional framework" although it said "in assessing the atmosphere of the cause taken as a whole these items may be referred to collaterally." *Id.* (footnote and citation omitted). "The [*Rose*] court held only that, if final *relief* on one or more claims is unavailable due to exhaustion, the district courts should withhold relief on all claims." James S. Liebman, Federal Habeas Corpus Practice and Procedure § 13.3c at 188 (1988) (emphasis in original).

■ It is also important to note that the exhaustion rule in general, and the total exhaustion rule of *Rose* in particular, are based on concerns of comity and are not jurisdic-

---

1. In his original petition to this court, the petitioner admitted that his claims VII–IX had not been presented to the state courts, but argued that they were procedurally defaulted with cause and therefore ripe for a merits review. These are presumably the substantive issues that the Illinois courts will now address if the petitioner is correct that he deserves another post-conviction proceeding under state law.

tional. *See Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673, 95 L.Ed.2d 119 (1987) (*citing Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984) (*citing Rose*, 455 U.S. at 515–20, 102 S.Ct. at 1201–04)). The total exhaustion rule is primarily concerned with avoiding piecemeal litigation of the claims in federal court. *See* Liebman, § 13.3c at 188 (*citing Rose*, 455 U.S. at 520, 102 S.Ct. at 1204). There are many examples of federal courts overlooking lack of exhaustion where the circumstances warranted. *See e.g., Granberry*, 481 U.S. at 131, 107 S.Ct. at 1673–74 (*Strickland* is an example where an appellate court could consider the merits of a mixed petition); *Gray v. Director, Dep't of Corrections*, 721 F.2d 586, 598 (7th Cir.1983), *cert. denied*, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984) (declining to require further exhaustion where the prisoner was entitled to relief and the state courts had already granted new trials to co-defendants—and because of the passage of time since the original trial and the need to get on with a new trial as soon as possible); *see also* Liebman, § 9.3b at 122–23 (cases collected); Larry W. Yackle, Postconviction Remedies § 55 at 238–42 (1981) & at 76–81 (1993 Cumulative Supplement) (same). "Accordingly, nothing in the [total exhaustion] rule prevents a district from holding the *entire* petition in abeyance under a stay pending exhaustion, then adjudicating the *entire* petition once all claims are exhausted." Liebman, § 13.3c at 188 (emphasis in original). In fact, this stay/abeyance procedure facilitates the policy behind the rule by permitting the petitioner to exhaust all of his claims before proceeding in federal court without forcing him to surrender any claims. *See id.*

There are many examples of cases where courts have granted or endorsed stays in similar situations. *See e.g., Simpson v. Camper*, 927 F.2d 392, 393–94 (8th Cir.1991) (appeal of district court's grant of the writ held in abeyance pending exhaustion); *Byrd v. Delo* 917 F.2d 1037, 1048 (8th Cir.1990) ("a stay of execution is generally appropriate where a petitioner has failed to exhaust state

remedies"); *Scott v. Dugger*, 891 F.2d 800, 802 (11th Cir.1989) (per curiam) (circuit court implicit approval of district court's stay of execution and stay of federal habeas proceedings pending exhaustion), *cert. denied*, 498 U.S. 881, 111 S.Ct. 224, 112 L.Ed.2d 179 (1990); *Neuschafer v. Whitley*, 860 F.2d 1470, 1476 n. 11 (9th Cir.1988), *cert. denied*, 493 U.S. 906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989) (petitioner could have submitted mixed petition and then asked the district court to hold it in abeyance and issue a stay of execution pending exhaustion); *Prejean v. Blackburn*, 743 F.2d 1091, 1094 (5th Cir.1984) (circuit court implicit approval of district court's temporary stay of execution pending exhaustion); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir.1984) ("Whether jurisdiction over a claim for habeas relief should be retained pending exhaustion of state court remedies is generally a matter within the discretion of the dismissing court"); *Collins v. Lockhart*, 707 F.2d 341, 344 (8th Cir.1983) ("The total exhaustion rule of *Rose v. Lundy, supra*, requires that we defer consideration of Collins' petition until the Arkansas courts have had an opportunity to pass upon these matters . . . [a]ccordingly, we reverse and remand to the district court with instructions to retain jurisdiction and hold the case in abeyance under the existing stay of execution").

The Seventh Circuit has implicitly approved of a stay recently granted by Chief Judge Sharp of the Northern District of Indiana in *Schiro v. Clark*, 963 F.2d 962, 967 (7th Cir.1992) ("Chief Judge Allen Sharp remanded the case to the Indiana courts for Schiro to exhaust all available state remedies"), *petition for cert. granted*, —— U.S. ——, 113 S.Ct. 2330, 124 L.Ed.2d 243 (1993); *see also United States v. Ogilvie*, 337 F.2d 427, 428 (7th Cir.) (stay of proceedings pending exhaustion in a pre-*Rose* case), *cert. denied*, 379 U.S. 950, 85 S.Ct. 452, 13 L.Ed.2d 547 (1964). While Schiro exhausted his claims the federal petition was held in abeyance and, after exhaustion, he filed an amended petition that the court fully reviewed. *See Schiro v. Clark*, 754 F.Supp. 646, 649 (N.D.Ind.1990).[2]

---

2. Prior to *Schiro*, in an unpublished order that has no precedential value, the Seventh Circuit

held that a "district court judge may not send a petitioner to state court to exhaust his or her

The respondents primary position at oral argument was that entering a dismissal at this time would be most efficient because the parties would be immediately before the Illinois Supreme Court as the petitioner would seek to extend the stay. If the court granted the stay that would mean the claims were not procedurally defaulted and the petitioner could freely pursue his post-conviction remedies. If the Illinois court denied the stay, however, respondents' counsel stated that this would necessarily signal that the claims were procedurally defaulted meaning the petitioner would have to return to this court, get a federal stay, and then proceed on a new federal habeas petition. The three claims would then be dismissed unless the petitioner could show cause for and prejudice from their default. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This court fails to see how a denial of a motion to extend the stay, without more, would necessarily mean that the Illinois court was relying on procedural default. Just as courts are instructed not to read meaning into United States Supreme Court denials of certiorari, this court would not assume a procedural default.[3] The better result is to grant the stay and allow the parties to proceed through all three levels of the Illinois courts and establish a clear record of procedural default or merits analysis for this court to consider.

IT IS THEREFORE ORDERED that the petitioner's motion to stay the proceedings on the petition for the writ of habeas corpus and hold in abeyance said proceedings until state court proceedings have been fully resolved (docket # 12) is granted.

IT IS FURTHER ORDERED that the respondents' motion to dismiss the petition for a writ of habeas corpus (docket # 14) is denied.

remedies and retain jurisdiction over the case by calling the dismissal a 'stay.'" *Uppole v. Reynolds*, 918 F.2d 959, 1990 WL 182021 at 2 (7th Cir.1990). This holding, however, was made only in response to the argument that the district court's stay was not a Rule 58 "final order" and therefore not appealable. *See id.* "Under the holding of *Moses H. Cone Memorial Hosp. v. Mercury*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the district court's stay surrendered jurisdiction of the suit to the state court and thereby had the *effect of dismissing the action for purposes of appeal.*" *Id.* (emphasis added). If the petitioner in this case contended that his claims were exhausted, it seems clear that he could appeal this court's contrary finding, but this does not mean the court lacks authority to issue the stay. Similarly, the respondents are free to appeal the granting of this stay to the Seventh Circuit.

3. The court realizes that the respondents could have attempted to track the recent Supreme Court case of *Coleman v. Thompson*, — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and make a motion before the Illinois Supreme Court to deny the petitioner's motion to extend the stay based solely on procedural default. Then if this motion was granted, procedural default would clearly be the basis. Once again, however, the court could merely deny the petitioner's motion to extend the stay without mentioning the respondents' motion and the basis would remain unclear.